11-4164-cv
McCall v. Chesapeake Energy Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen,

Present:        RALPH K. WINTER,
                ROSEMARY S. POOLER,
                DENNY CHIN,
                        *Circuit Judges*.

_____

MARY LINDA MCCALL, on behalf of herself and all others
similarly situated,

                        *Plaintiff-Appellant*,

                -v-                                                    11-4164-cv

CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE
EXPLORATION, LLC, CHESAPEAKE LOUISIANA, LP,
CHESAPEAKE INVESTMENTS, LP, CHESAPEAKE APPALACHIA, LLC,
AUBREY K. MCCLENDON, Individually and as Sole General Partner
 of Chesapeake Investments, LP, MS TELA LLC, MS PERMIAN LLC,
MORGAN STANLEY, OBSIDIAN NATURAL GAS TRUST, WELLS
FARGO DELAWARE TRUST COMPANY NA, BARCLAYS CAPITAL INC,
A Division of Barclays Bank PLC, ARGONAUT VPP LLC, GS LOAN
PARTNERS, a Division of the Goldman Sachs Group, Inc., SOONER
GAS TRUST, WELLS FARGO & COMPANY, WELLS FARGO
SECURITIES LLC, Successor in Interest to Wachovia Capital Markets, LLC,
FALCON VPP LP, TW INVESTORS LLC, BLUE DEVIL TRUST, DB
ENERGY TRADING LLC, an Operating Subsidiary of Deustche Bank
Americas Holding Corp., HIGH PLAINS GAS TRUST,

                        *Defendants-Appellees*.[*]

_____

        [*] The Clerk of the Court is directed to change the caption as set out above.

Appearing for Appellant:     Jeremy J. Gaston, Hawash, Meade & Gaston LLP, Houston, TX

Appearing for Appellees:     Jesse R. Pierce, Pierce & O'Neill, LLP, Houston, TX (J. Chad
                             Newton, Pierce & O'Neill, LLP, Houston, TX; Lawrence T.
                             Gresser, Brett D. Jaffe, Daniel H. Tabak, Cohen & Gresser LLP,
                             New York, NY; Gregg L. Weiner, Stephanie J. Goldstein, Fried,
                             Frank, Harris, Shriver & Jacobson LLP, New York, NY, *on the
                             brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant, Mary Linda McCall, appeals from the district court's judgment dated September 14, 2011, dismissing her claims under Fed. R. Civ. P. 12(b)(6). McCall also appeals from the district court's denial of her request for discovery. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As a threshold matter, we affirm the district court's determination that McCall only had standing to bring claims against the defendants to whom she could attribute an individual injury, namely only those defendants who were signatories to the Joint Operating Agreements ("JOA") or the Volumetric Production Payments ("VPP") that impacted the wells in which McCall had a personal interest. That this suit was styled as a class action "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation omitted).

This Court reviews a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Here, "we 'must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (quoting *Miller*, 321 F.3d at 300). This Court will also consider any documents incorporated into the complaint by reference. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010). In this case, the Complaint incorporated both the JOAs and VPPs by reference.

As a matter of law, the conveyances from the Chesapeake Defendants to the banks in this case were term overriding royalty interests, which conveyed only an interest in gas when it was produced and not ownership of the unproduced gas in the ground. Interpretation of the VPPs is governed by Oklahoma law. The Oklahoma high court has held that "[w]hether a reservation of oil and gas reserves to the grantor, either expressly or by implication, any rights or interest in the land, or in the minerals in place, appears to be the essential difference between a conveyance of a mineral interest in the land and a royalty interest in the oil and gas produced therefrom." *Pease v. Dolezal*, 246 P.2d 757, 760 (Okla. 1952). It is plain from the language of the VPPs that the Chesapeake Defendants, the grantors in this matter, reserved to themselves rights in the land and the minerals in place. "The essential difference between a sale of a royalty interest and a sale of

2

a mineral interest in land leased for minerals is that the purchaser of the royalty interest receives nothing under the lease unless profitable production is obtained." *Id.* Here, the banks bear just this risk. Taken together, these provisions make clear that the interest granted was only an interest in the gas once produced from the wells in question.

The JOAs governing the working interests in these wells expressly contemplate that the working interest owners indeed may convey their interests in the proportionate share of the production in just this manner. Because the VPPs did not convey the unproduced gas in the ground, McCall's claims for breach of contract and conversion both fail.

Furthermore, because McCall's claims of breach of contract and conversion fail, her claim of civil conspiracy also must fail. There is no independent tort of conspiracy in New York, Delaware, or Oklahoma—the three states in which the various defendants reside. *See Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006); *Ramunno v. Cawley*, 705 A.2d 1029, 1039 (Del. 1998). Because the claims that could have provided a basis for the civil conspiracy claim were dismissed, this claim must also fail as a matter of law and was rightly dismissed by the district court.

We have considered McCall's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3